# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRIAN J. VOLLMER,

        Plaintiff,

v.                                                Case No. 18-C-1629

GREEN BAY CITY POLICE
DEPARTMENT, et al.,

        Defendants.

## ORDER

Plaintiff Brian J. Vollmer, who is currently serving a State sentence and is representing himself, filed a civil rights complaint under 42 U.S.C. § 1983, along with a motion for leave to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). ECF Nos. 1–2. This decision and order resolves plaintiff's motion for leave to proceed without prepayment of the filing fee and dismisses the case.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because plaintiff was incarcerated when he filed his complaint. The PLRA allows an incarcerated plaintiff to proceed with a lawsuit in federal court without prepaying the $350 filing fee, as long as he complies with certain requirements. 28 U.S.C. § 1915. One of those requirements is payment of an initial partial filing fee.

On October 17, 2018, Magistrate Judge William E. Duffin ordered plaintiff to pay an initial partial filing fee of $2.72. ECF No. 5. Plaintiff paid that amount on October 22, 2018. Therefore, the court will grant plaintiff's motion to proceed without prepayment of the filing fee.

### SCREENING OF THE COMPLAINT

The PLRA requires federal courts to screen complaints brought by an incarcerated plaintiff who seeks relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court can dismiss an action or portion thereof if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim under the federal notice pleading system, plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

The factual content of the complaint must allow the court to "draw the reasonable inference that defendant is liable for the misconduct alleged." *Id*. Allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678.

Federal courts follow the two step analysis set forth in *Twombly* to determine whether a complaint states a claim. *Id*. at 679. First, the court determines whether plaintiff's legal conclusions are supported by factual allegations. *Id*. Legal conclusions not supported by facts "are not entitled to the assumption of truth." *Id*. Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." *Id*. Courts give *pro se* allegations,

"however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### ALLEGATIONS IN THE COMPLAINT

On February 7, 2016, the "named defendants" (Allcox and Linzmeier) went to plaintiff's motel and seized two of plaintiff's vehicles: (1) a Dodge Grand Caravan Sport and (2) a Chevrolet Sport Blazer. ECF No. 1 at 3–4. That same day, the defendants "impounded" the vehicles and "entered [them] into exhibits for criminal case #16CF196 in Brown County." *Id*. The following day, on February 8, 2016, the defendants "disposed of the vehicles" by sending it to "Heavy Duty Towing Inc." *Id*. at 4. The plaintiff states, "the defendants deprived me of my rights to be secure in my property by taking my vehicles and destroying them without due process or just cause." *Id*. For relief, plaintiff seeks monetary damages. *Id*. at 5.

### THE COURT'S ANALYSIS

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the defendant was acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The Fourteenth Amendment prohibits the State from depriving an individual of life, liberty, or property without due process of law. U.S. Const. amend. XVI. "[U]sually . . . the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). The United States Supreme Court, however, has drawn an exception to this general rule for "random and unauthorized" deprivations of property. *Id*. (citing

3

*Parratt v. Taylor*, 451 U.S. 527, 541 (1981)); *see also Leavell v. Ill. Dep't of Nat. Res*. 600 F.3d 798, 804–05 (7th Cir. 2010).

A deprivation of property is "random and unauthorized" if it is unpredictable, meaning the State cannot predict when or if a deprivation will occur prior to the moment of deprivation. *Zinermon*, 494 U.S. at 127; *see also Armstrong v. Daily*, 786 F.3d 529, 544 (7th Cir. 2015). For example, a state actor who fails to follow established state procedure before taking someone's property acts in a manner that is a "random and unauthorized." *Zinermon*, 494 U.S. at 127. Under such circumstances, the State cannot "anticipate and control in advance" the wrongful deprivation given that it had already instituted state procedures that the state actor should have followed prior to taking property. *Id*. The State would not know about the wrongful deprivation until after it occurred. *Id*.

"Random and unauthorized" deprivations of property are cured with post-deprivation remedies. *Id*. (citing *Parratt*, 451 U.S. at 541). "[T]he State cannot be required constitutionally to do the impossible by providing pre-deprivation process." *Id.* at 129. When the State provides adequate post-deprivation remedies, "the requirements of due process are satisfied and the plaintiff may not maintain a § 1983 suit in federal court." *Wilson v. Civil Town of Clayton, Indiana*, 839 F.2d 375, 383 (7th Cir. 1988) (citing *Parratt* , 451 U.S. at 543–44); *see also Leavell*, 600 F.3d at 807 ("failing to avail oneself of adequate state court remedies . . . is a substantive failure that defeats the cause of action").

Neither the City of Green Bay, nor the State of Wisconsin, authorize law enforcement officers to impound motor vehicles seized in connection with an arrest and destroy them the next day. Wisconsin state law has several provisions governing the return and/or forfeiture of property

4

seized in relation to a crime. *See* Wis. Stat. §§ 968.20; 973.075. Section 968.20 governs the return of property seized in relation to a crime. Section 973.075 governs the forfeiture of property seized in relation to a crime. Under both statutes, once "all proceedings and investigations in which [the property] might be required have been complete," a plaintiff "may apply for its return to the circuit court for the county in which the property was seized." *See* Wis. Stat. §§ 968.20(1)(b); 973.075(5)(b). Both statutes provide, "the court shall order such notice as it deems adequate to be given the district attorney . . . [and] all persons who have or may have an interest in the property." *See* Wis. Stat. §§ 968. 20(1g) and 973.075(5). The statutes also provide that the court "shall hold a hearing to hear all claims to its true ownership." *See id.*

Plaintiff's allegation that the defendants improperly impounded and then disposed of or destroyed his vehicles the next day is a claim that they failed to follow established state procedure in handling property seized in relation to a crime. The text of sections 968. 20(1g) and 973.075(5) specifically provide for notice and hearing to determine the proper disposition of property seized in relation to a crime. To the extent plaintiff could not reclaim his property because it was destroyed, Wisconsin law provides tort remedies for property that is converted, damaged, or destroyed by another. *See* Wis. Stat. §§ 893.35 (action to recover personal property after wrongful taking, conversion, or wrongful detention); 893.51 (action for damages resulting from wrongful taking, conversion, or wrongful detention of personal property); 893.52 (action for damages from injury to property). The existence of State common law remedies for unauthorized destruction of plaintiff's property precludes a federal remedy. *See Gable v. City of Chicago*, 296 F.3d 531, 540 (7th Cir. 2002) (affirming summary judgment of dismissal of § 1983 due process claim for loss of use and damage to impounded vehicles on ground that "Illinois law would have provided the plaintiffs with

5

an adequate postdeprivation remedy"); *see also Holstein v. City of Chicago*, 29 F.3d 1145, 1148 (7th Cir. 1994) (holding that Illinois replevin law provides due process for those seeking return of their vehicles).

Plaintiff has adequate post-deprivation remedies under Wisconsin law to seek damages for his impounded and destroyed vehicles. It follows that plaintiff may not maintain a § 1983 lawsuit in federal court. Accordingly, the court will dismiss this case for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed without the prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the agency having custody of plaintiff shall collect from his institution trust account the **$347.18** balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If plaintiff transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The Clerk of Court shall enter judgment accordingly and document that plaintiff has incurred a "strike" under 28 U.S.C. § 1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Signed in Green Bay, Wisconsin, this 20th day of November, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
